NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, | Civil No. 17-4192 (RBK/AMD) |
| Plaintiffs, | **OPINION** |
| v. | |
| BS JOCKEY SERVICES, INC., | |
| Defendant. | |

**Kugler,** United States District Judge:

This suit arises from BS Jockey Services, Inc.'s ("Defendant") alleged failure to pay its withdrawal fee and subsequent settlement agreement under a Collective Bargaining Agreement ("CBA") between Defendant and Trustees of the Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Plaintiff"). Plaintiff brings this suit against Defendant to reduce to judgment the alleged delinquent withdrawal liability. Presently before the Court is Plaintiff's motion for entry of default judgment against Defendant (Doc. No. 7). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

1

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff is a multiemployer pension plan and employee pension benefit plan. (Compl. at 2.; *see* Employee Retirement Income Security Act of 1974 ("ERISA"), Sections 3(37), 4001(a)(3), 3(2)(A), (3); 29 U.S.C. §§ 1002(2)(A), (3)). Plaintiff was established, and is continuously maintained, for the purpose of providing retirement and related benefits to eligible participants and beneficiaries and is subject to the withdrawal liability provisions of ERISA. (*Id.*). Defendant is a Pennsylvania corporation located at 9319 Campus Lane, Philadelphia, Pennsylvania. (*Id.*). Defendant is—and has been at all times relevant to this action—an employer for the purposes of ERISA. (Compl. at 3; ERISA Section 3(5); 29 U.S.C. § 1002(5)). Defendant participated in, and contributed to, the Fund pursuant to the terms of a CBA between itself and the International Brotherhood of Teamsters, Local No. 470 and its successor, International Brotherhood of Teamsters, Local No. 107. (Compl. at 3). Participating employers in the Fund are bound by the terms of the Fund. (*Id.*).

On or about September 20, 2013, Plaintiff determined that Defendant had effected a complete withdrawal from a fund—as defined in 29 U.S.C. § 1383(a)—during the 2013 plan year. (*Id.*). On September 20, 2013, Plaintiff demanded payment of Defendant's withdrawal liability, which Plaintiff computed as $30,246.06. (*Id.*).[2] On November 26, 2013, after not receiving any payment from Defendant, Plaintiff demanded Defendant begin making its required payments within 60 days. (*Id.*).

---

[1] This Court will accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

[2] Plaintiff's initial demand amounted to sixteen quarterly installments of $2,067.24, with a final quarterly payment of $1,688.00. (Compl. at 3).

Sometime in March 2014, the parties entered into a settlement agreement. (Compl. at 4). Defendant acknowledged its obligation to pay its withdrawal liability in the amount demanded. (Compl. at 4).[3] Defendant agreed to do so in monthly payments of $500.00 beginning on March 15, 2014. (*Id.*). After over three years of complying with this agreement, Defendant stopped making its payments in May, 2017. (*Id.*). Defendant currently owes $18,123.91. (*Id.*).

Plaintiff brought this action on June 9, 2017, for the balance of the withdrawal liability (count one) and for breach of the settlement agreement (count two). (Compl. at 4-5). Plaintiff has requested this Court enter an order against Defendant for $18,123.91, plus indeterminate interest, liquidated damages, and reasonable attorneys' fees and litigation costs.

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d

---

[3] Plaintiff's complaint states that "[a] copy of the settlement agreement accompanies this complaint as Exhibit A." (*Id.* at 4). The Court notes that this exhibit is not attached.

1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

## III. DISCUSSION AND ANALYSIS

### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, this Court's jurisdiction is invoked pursuant to section 502(a)(3), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a)(3), (e)(1) and (f), and § 1451(c), and 28 U.S.C. § 1331. This Court thus has subject-matter jurisdiction over the instant action—there is federal question jurisdiction.

We must also determine whether there is personal jurisdiction over Defendant. There is—venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, and 29 U.S.C. §§ 1132(e)(2) and 1451(d) because the Plan is administered in this district.

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant was properly served with a

summons in July 2017 and made no attempt to answer or defend the action before the Clerk appropriately issued the entry of default under Rule 55(a) on August 7, 2017.

*iii. Fitness of Defendants to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, it appears to the Court that Defendant is a corporation—not an infant, incompetent person, or person in military service exempted from default judgment. Therefore Rule 55(b)(2) is satisfied.

*iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)).

Plaintiff's complaint is sufficient. Plaintiff maintains that Defendant did not pay its withdrawal liability assessment. (Compl.). Defendant is party to this CBA, and the CBA gives the Plaintiff the right to such withdrawal liability. (*Id.* at 3). Plaintiff informed Defendant that Defendant was on the hook for payment, and Defendant agreed to pay. (*Id.* at 4). Defendant made monthly payments for over three years, then stopped. (*Id.*). Now, Plaintiff seeks the remaining liability, as well as interest, liquidated damages, and reasonable costs associated with this suit. (*Id.*)

Accordingly, the Court finds that the allegations set forth in the complaint are sufficient to state a claim against Defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

*v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, Defendant has not articulated a cognizable meritorious defense. Defendant, if anything, has done the opposite—Defendant accepted a settlement agreement in March 2014 acknowledging its liability. Second, because Defendant has failed to answer the complaint or otherwise appear, Plaintiff suffers prejudice if it does not receive a default judgment because it has no alternative means of vindicating its claim against the defaulting party. *See Directv v. Asher*, 2006 WL 680533, at *2. Third, Defendant's failure to properly respond permits, but does not compel, the Court to draw an inference of culpability on its part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). The *Emcasco* factors therefore weigh in favor of entering default judgment.

*vi. Conclusion*

Entry of default judgment is left primarily to the discretion of the district court. For the reasons discussed above, default judgment is appropriate.

**B. Damages**

Plaintiff alleges a balance of $18,123.91 owed under the settlement agreement. Under ERISA, specifically 29 U.S.C. § 1132(g)(2), Plaintiff is entitled to reasonable attorney's costs and fees as well. Plaintiff has not, however, detailed what is due as far as interest, liquidated damages, and reasonable attorneys' fees and litigation costs. As such, Plaintiff must present adequate briefing before this Court make a decision regarding total damages.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for default judgment against Defendant is **GRANTED**. Plaintiff is required to submit further briefing as to total damages on or before February 9, 2018. An appropriate order shall issue.


Dated: 01/26/2018                                  _s/Robert B. Kugler_
                                                   ROBERT B. KUGLER
                                                   United States District Judge